LOVE, J.,
dissents and assigns reasons.
|,I respectfully dissent from the majority. Mr. Reed accessed his glove compartment to retrieve the necessary documents following a traffic stop and allegedly reached into his pocket and pulled out a bottle of pills, which landed on the floorboard of the vehicle. Mr. Reed contends that the pill bottle, without closer inspection, was not immediately apparent as contraband. I agree.
The testimony fails to show that there were facts articulated by Detective Standeford that the area was a high crime area in which narcotics trafficking is common, which would suggest that the pill bottle was evidence of a crime. Detective Standeford denied that he or his partner observed any activity or interaction between Mr. Reed and the unknown man to whom he was speaking, which would possibly indicate that the men were engaged in any drug activity. There was no testimony to indicate that the unknown man fled the scene or acted in a furtive, startled, or suspicious manner when the police activated the lights and siren on the police car.
The New Orleans Police Department officers (“NOPD”) were not conducting a narcotics investigation, and the testimony was unequivocal that the NOPD saw nothing to indicate that Mr. Reed was engaged in narcotics activity prior to the legal traffic stop. Thus, while Detective Standeford found Mr. Reed’s 12action in dropping the bottle of pills onto the floor of the vehicle odd and possibly suspicious, in order to seize the bottle, Detective Standeford needed probable cause to believe it was contraband or evidence of a crime, nor merely reasonable suspicion. See Arizona v. Hicks, 480 U.S. 321, 327, 107 S.Ct. 1149, 1154, 94 L.Ed.2d 347 (1987).
The trial court erred in its legal analysis, as there cannot be probable cause to believe that the bottle contained contraband unless it was immediately apparent without closer inspection. Furthermore, the State failed to establish that Detective Standeford had probable cause to believe that the bottle or its contents were contraband without seizing the bottle and subjecting it to further inspection. Accordingly, I find that the trial court committed manifest error in denying Mr. Reed’s motion to suppress and would vacate Mr. Reed’s guilty plea and sentence.